IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BK Case No. 11-11900-RM1-13 |
| Stephen Ray Shoemake, | ) | |
| Diann Mitchell Shoemake, | ) | |
| XXX-XX-9265; XXX-XX-3845 | ) | |
| | ) | Adv. Case No. 1:17-ap-90177 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SN Servicing Corporation, | ) | |
| Seneca Mortgage Servicing LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**REPLY TO PLANTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO DISMISS COMPLAINT SEEKING DAMAGES**
_____

SN Servicing Corporation (hereinafter, "SN") submits this Reply to Plaintiffs' Response in Opposition ("Opposition") to SN's Motion to Dismiss the Complaint Seeking Damages ("Complaint") and in so doing, SN states as follows:

**SUMMARY OF REPLY ARGUMENT**

The Plaintiffs filed this Complaint after the bankruptcy case ("Case") was closed for a second time. This Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1). Further, the asserted causes of action will not have any effect on the closed bankruptcy estate.

Also, Plaintiffs lack standing to invoke federal jurisdiction because they have failed to allege actual damage resulting from SN's alleged failure to adequately respond to Plaintiffs' requests for a payoff amount or for a loan payment history.

### A. Plaintiffs Filed the Complaint at a Time the Case Remained Closed.

On February 10, 2016, the Case was first closed. On January 18, 2017, the Case was reopened. On March 24, 2017, the Case was again closed. Four months later, on July 18, 2017, the Complaint was filed, without Plaintiffs moving to re-open the Case.

Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Courts will not generally reopen a case if doing so will unduly prejudice the affected creditor. *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn., 2003) (citations omitted). Motions to reopen should only be granted when the moving party demonstrates a compelling reason to do so, and " '[t]he longer the time between the closing of the estate and the motion to reopen[,] the more compelling the reason for reopening the estate should be.' " *In re Skyline Woods Country Club, LLC,* 431 B.R. 830, 835 (8th Cir. BAP 2010).

This Court does not have jurisdiction in this instance because Plaintiffs' challenge to the validity of the subject deed of trust and the claimed federal statutory violations come after Plaintiffs' discharge, such that, the claims could no longer have been against the estate, and thus did not involve a right created by bankruptcy law or arising only in bankruptcy. *See, McAlpin v. Educ. Credit Mgmt. Corp.,* 278 F.3d 867, 868 (8th Cir. 2002) (Bankruptcy courts do not have jurisdiction to entertain post-discharge disputes arising from long-term debt that was not discharged under a bankruptcy plan) (citations omitted).

Further, Plaintiffs now seek these claims when there is no longer a plan to be confirmed, or an estate, and therefore the proceeding cannot conceivably affect Plaintiffs' estate. *Id.*

The Sixth Circuit has adopted the *Pacor* test for determining whether a civil proceeding is related to bankruptcy:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . .* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the estate.

*Robinson v. Mich. Consol. Gas Co.,* 918 F.2d 579, 584 (6th Cir. 1990) quoting *In re Pacor, Inc.,* 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in the original.) Plaintiffs seek recovery in this Complaint for their own benefit, and not for the benefit of their creditors.

### B. Plaintiffs Lack Article III Standing

Plaintiffs invoking federal jurisdiction must establish standing by demonstrating three elements: "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 2134 (1992).

In *Spokeo*, the Supreme Court held that a plaintiff bringing suit under the Fair Credit Reporting Act did not have Article III standing (requiring an "injury-in-fact") if the plaintiff alleged merely "a bare procedural violation [of the statute], divorced from any concrete harm . . . ." The injury alleged by a plaintiff must be "concrete and particularized."

The Court held that a "concrete" injury is one that actually exists and reasoned that a plaintiff who experienced a statutory violation does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549.

### 1. No actual damages are alleged from the RESPA violation

Plaintiffs' standing argument cannot rely on a theory that they've been injured because of the RESPA violation alone. "[S]imply having to file suit, however, does not 'suffice as a harm warranting actual damages.'" *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 593 (7th Cir. 2016), citing *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218 (E.D. Cal. 2010); *Konieczka v. Wachovia Mortgage Corp.*, No. 11 C 0071, 2012 WL 1049910, at *3 (N.D. Ill. Mar. 28, 2012). Plaintiffs have simply failed to demonstrate that they were injured specifically by SN's alleged Regulation X violation.

12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), imposes a duty on a loan servicer to respond to a borrower's inquiries regarding the loan. 12 U.S.C. § 2605(f)(1)(A) redresses only actual damages resulting from a loan servicer's failure to provide the requested information. *Id.* Plaintiffs only allege that SN failed to provide the "life of loan transaction history." The RESPA remedy does not grant statutory damages for bare procedural violations; it requires an actual injury. *Diedrich* 839 F.3d at 593 (affirming district court judgment finding that plaintiffs failed to show actual damages stemming from loan servicer's request for information violation).

Plaintiffs merely allege SN is liable to the Plaintiffs for actual damages, costs, legal fees and, with a pattern and practice, and statutory damages. An alleged violation of

RESPA does not equate to actual damages. *See*, *Dolan v. Select Portfolio Servicing,* No. 03-CV-3285, 2016 WL 4099109, at *6 (E.D. N.Y. Aug. 2, 2016).[1] Plaintiffs have not met the bare minimum requirements to allege standing and avoid dismissal. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Nor do Plaintiffs demonstrate a basis for any additional damage based on any pattern and practice alleged through a single asserted violation. An allegation of just one violation of Regulation X is an insufficient number to support a pattern and practice allegation. *Lawther v. Onewest Bank,* 2010 WL 4936797, at *6 (N.D. Cal. Nov. 30, 2010).

Plaintiffs have simply failed to demonstrate the required standing that they were injured specifically by SN's alleged violation of RESPA regarding Plaintiffs' request for information under Regulation X.

### 2. Plaintiffs did not allege actual damage from a TILA violation.

Both 12 C.F.R. § 1026.36 ("Regulation Z") and 15 U.S.C. § 1639g of the Truth in Lending Act ("TILA"), impose a duty on a loan servicer to respond to a borrower's payoff request regarding the loan. Plaintiffs allege, without more, that SN failed to provide a payoff statement requested under 12 C.F.R. § 1026.36.

---

[1] Federal courts have dismissed actions that only list damages without more. *See, Jamison v. Bank of America,* 194 F. Supp. 3d. 1022, 1028 (E.D.CA. 2016) (TILA claim dismissed for merely listing economic and emotional distress damages); *Diedrich v. Ocwen Loan Servicing, LLC,* 839 F.3d 583, 593 (7th Cir. 2016) (RESPA claim dismissed for merely listing emotional distress, pattern and practice); *Meeks v. Ocwen Loan Servicing, LLC,* 2017 WL 782285 (11th Cir. Mar. 1, 2017) (RESPA claim dismissed for merely listing actual damages, statutory damages, and costs); *Renfro v. Nationstar,* 14-cv-314-CG (S.D.AL. Jan. 14, 2015) (RESPA claim dismissed for merely listing actual damages, statutory damages, and costs); *Obazee v. Bank of New York Mellon,* 15-cv-01082-D (N.D.TX. July 31, 2015) (RESPA claim dismissed for merely listing actual damages, statutory damages, and costs); *Claude v. Wells Fargo Home Mortgage,* 13-cv-535-VLB (D.Conn. Aug. 14, 2014) (TILA and RESPA claims dismissed for merely listing actual damages, statutory damages, and costs); *Russell v. Nationstar,* 14-cv-61977-BB (S.D.Fla. June 15, 2015) (RESPA claim dismissed for merely listing actual damages, statutory damages, and costs).

15 U.S.C. § 1640 redresses actual damages resulting only from a loan servicer's failure to provide the requested information. *Id.* Plaintiffs merely allege that SN's alleged lack of compliance caused SN to be liable to the Plaintiffs for actual damages, costs, legal fees, and statutory damages. TILA's civil remedy does not grant statutory damages for bare procedural violations; it requires an actual injury.

A procedural violation of the TILA requirements for payoff statements does not inherently establish concrete harm. *Jamison v. Bank of America,* 194 F. Supp. 3d. 1022, 1028 (E.D.CA. 2016). Because Plaintiffs fail to allege that SN's alleged TILA violation caused Plaintiffs to alter their behavior in any way, Plaintiffs again have failed to show standing to bring this cause of action before this Court. *See, Kelen v. Nordstrom, Inc., et al.,* 1:16-cv-01617, at *9 (S.D.N.Y. December 16, 2016).

### C. The First Claim Based on the Disallowance of the POC Fails to State Claims Upon Which Relief Can Be Granted.

Plaintiffs' confirmed plan provided for the curing of $11,000.00 in prepetition default and the maintenance of ongoing payments on the Second DOT pursuant to 11 U.S.C. § 1322(b)(5), thus, the Second DOT is non-dischargeable pursuant to 11 U.S.C. § 1328(a). The confirmed plan mandated that a creditor must file a proof of claim to receive distributions from the Trustee under the plan.

Contrary to Plaintiffs' contention, the subsequent Trustee's claim objection to the Second DOT proof of claim did not afford due process because, the claim objection was not accompanied by clear notice that the Trustee was challenging the validity, priority, or extent of the lien, and that the Trustee sought to abrogate the creditor's right to look to its

collateral, and, there was no compliance with the procedural safeguards set forth in Part VII of the Federal Rules of Bankruptcy Procedure. This is what is required in the Fifth Circuit. See, *Kleibrink v. Kleibrink (In re Kleibrink)*, 621 F.3d 370, 370-71 (5th. Cir. 2010). Plaintiffs' reliance on *Rushmore Loan Mgmt. Servs., LLC v. Mason (In re Mason)* (Bankr. S.D. Miss. 2017) misses the point. As a matter of law, Plaintiffs cannot avoid the Second DOT through the disallowance of the proof of claim.

Neither did the Trustee's modification of the plan, which merely changed the monthly payment amount to the first lienholder, alter the lien rights of the subject trust deed. A bankruptcy plan may not modify "a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2); *In re Harlan*, 783 F.2d 839, 840 (9th Cir. 1986).

The Sixth Circuit further undercuts Plaintiffs' reasoning. The disallowance of the proof of claim in Plaintiffs' bankruptcy case "did not result in the waiver of the creditor's right to payment on the debt." *Matteson v. Bank of America, N.A. (In re Matteson)*, 535 B.R. 156, 164 (6th Cir. B.A.P. 2015). The Panel in *Matteson* explained further:

> To avoid default on the Bank's mortgage loans, the *Debtors were still required to service the debt, if not through the plan, then by making payments outside the plan*. The Debtors failed to do this. Consequently, the Debtors exited the bankruptcy case in default on the Lylewood Road Mortgage loan and the Arctic Avenue Mortgage loan. The Bank therefore has the right to collect payment on the debt by executing on the collateral pursuant to state law. *See In re Kressler,* 252 B.R. 632, 633 (Bankr. E.D. Pa. 2000) aff'd, 40 F. App'x 712 (3d Cir. 2002) ("[T]he failure of a secured creditor to file a proof of claim will not result in the loss of the creditor's lien and generally speaking, after the bankruptcy case is concluded, the creditor may pursue the collateral to satisfy its lien[.]" (citations omitted)).

*Id.* at 164 (emphasis added). Plaintiffs too, are bound by the terms of the confirmed plan.

7
Case 1:17-ap-90177 Doc 18 Filed 10/13/17 Entered 10/13/17 17:08:36 Desc Main
Document Page 7 of 11

### D. The Second Claim Based on the Disallowance of the POC Fails to State Claims Upon Which Relief Can Be Granted.

The disallowance of the proof of claim in this instance cannot constitute a willful violation of the automatic stay under 11 U.S.C. § 362. This claim clearly does not involve SN, given that the servicing of the Second DOT was transferred to SN in November 2016, well after the Case was completed.

There are no facts within the Complaint suggesting that SN performed any acts against Plaintiffs or the subject real property that may be categorized as "any act to create, perfect, or enforce any lien against the property of the estate", "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case", or, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(4)-(6).

Plaintiffs do not allege that any action to enforce the obligation against the property was undertaken during the bankruptcy case. No facts are alleged showing that the Second DOT was avoided by court order. Neither are facts alleged that Plaintiffs remitted any payments on the Second DOT loan during the bankruptcy case. There was no violation of the automatic stay.

Further, Plaintiffs did not seek to modify the confirmed plan to alter the treatment of the Second DOT as a long-term debt under Section 1322(b)(5). Nor did Plaintiffs attempt to modify the confirmed plan to allow them to remit payments directly on the Second DOT. Neither did the Trustee file a Notice of Final Cure Payment as to the Second DOT and the

8
Case 1:17-ap-90177    Doc 18    Filed 10/13/17    Entered 10/13/17 17:08:36    Desc Main
Document      Page 8 of 11

Court did not enter an order so finding. Plaintiffs made no attempt to cure the default or maintain ongoing monthly payments on the Second DOT.

If Plaintiffs wanted to ensure that they would be deemed current on the Second DOT and not exit bankruptcy in default on that lien, they had an opportunity to do so. Pursuant to § 501(c) and Fed. R. Bankr. P. 3004, either Plaintiffs or Trustee could have filed a proof of claim on behalf of the Second DOT within 30 days after the claims-filing deadline. As Plaintiffs expected to receive the chapter-13 benefits of the automatic stay while curing defaults and maintaining payments on long-term secured debt they should take advantage of this opportunity to do so. *See, In re Thompson*, No. 16-80071-TRC (Bankr. E.D. Okla., 2017), citing *Matteson*, 535 B.R. at 164; *In re Heft*, No. 16-70536, 2017 WL 633318, at *9 (Bankr. C.D. Ill. Feb. 16, 2017).

In seeking sanctions under 11 U.S.C. § 105, though Plaintiffs cite decisional law regarding Section 105 sanctions for abuse of process, post-confirmation improprieties, and for failure to notify the debtor of payment changes, no facts are alleged in the Complaint supporting any such sanctionable conduct on the part of SN. Nothing in this case presents a situation in which §105 or Rule 9011 would apply. Based on the Complaint, any claim under Section 362 should be dismissed, as should the claim under Section 105.

### E. No Facts are Alleged Showing Violation of the Confirmed Plan.

In their Opposition, Plaintiffs state the plan required the Second DOT holder to treat the loan as current at confirmation. This claim clearly does not involve SN, given that the servicing of the Second DOT was transferred to SN in November 2016, well after the Case was completed.

The confirmed plan did provide that Plaintiffs would pay monies towards the Second DOT. Plaintiffs do not allege any payments were made on the Second DOT loan, either through the confirmed plan, after the Trustee's Final Accounting, after Plaintiffs received their discharge, or, after the bankruptcy case was closed. The failure to file a claim does not destroy or eliminate a creditor's interest in property of the estate. *Long v. Bullard*, 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1886). Liens pass through bankruptcy unaffected, unless specifically acted upon by the bankruptcy court, and may be enforced in rem after the debtor has been discharged. *Matter of Penrod*, 50 F.3d 459, 461 (7th Cir. 1995); *In re Tarnow*, 749 F.2d 464 (7th Cir.1984); *In re Simmons*, 765 F.2d 547 (5th Cir. 1985). See also, *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015) (a secured creditor who fails to file a claim can still enforce its lien even after the debtor receives a discharge).

## CONCLUSION

For the reasons set forth above, SN Servicing respectfully requests that this Court dismiss the Complaint, and, for such other relief that the Court deems fair and appropriate.

Respectfully submitted,

*/s/Edward D. Russell*
Edward D. Russell, #26126
The SR Law Group
PO Box 128
Mount Juliet, Tennessee 37121
(615) 559-3190
erussell@thesrlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2017, I have caused a copy of the foregoing Reply to Opposition to Motion to Dismiss Complaint for Damages to be sent electronically through the Court's CM/ECF system to all parties consenting to such service in this adversary proceeding and by U.S. Mail, postage pre-paid, to Keith Slocum, P.O. Box 949, Columbia, TN 38402-0949.

>*/s/Edward D. Russell*
>Edward D. Russell