Dated: 10/26/2017

Randal S. Mashburn
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| Stephen Ray Shoemake and | ) | |
| Diann Mitchell Shoemake, | ) | Case No. 1:11-bk-11900 |
| | ) | Chapter 13 |
| Debtors. | ) | Judge Randal S. Mashburn |
| | ) | |

---

| | | |
|---|---|---|
| Stephen Ray Shoemake and | ) | |
| Diann Mitchell Shoemake, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. 3:17-ap-90177 |
| | ) | |
| SN Servicing Corporation and | ) | |
| Seneca Mortgage Servicing, LLC, | ) | |
| Defendants. | ) | |

### ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING AS TO SN SERVICING CORPORATION AND SETTING HEARING ON DEFAULT JUDGMENT AS TO SENECA MORTGAGE SERVICING, LLC

This matter is before the Court upon the motion of SN Servicing Corporation ("SN") to dismiss the Plaintiffs' complaint against it under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012. In their complaint, the Shoemakes seek relief based on five counts (Count 1: Remove Cloud from Title; Count 2: Violation of the Automatic Stay; Count 3: Violation of the Order Confirming Plan; Count 4: Violation of RESPA; and Count 5: Violation of TILA) relating to collection efforts on a second deed of trust and note that was assigned to SN post-petition.

Also pending before the Court, and tangentially relevant to the ruling on the motion to dismiss, is a motion for default judgment against the other defendant, Seneca Mortgage Servicing, LLC ("Seneca").

As it relates to the motion to dismiss, a hearing was conducted on October 20, 2017. The Court considered all written and oral arguments and at the end of the hearing announced its ruling from the bench in support of its decision to grant SN's motion to dismiss. The Court found that dismissal was warranted as to the claims asserted against SN but made no determination regarding Seneca who was not a party to the motion.

In general, the Court ruled that some of the relief sought against SN, such as voiding the deed of trust, was not justified under applicable caselaw based on the facts alleged. Some of the relief sought could not be pursued against SN who, under the facts alleged, had no involvement in the bankruptcy until after the case was over. Finally, some of the relief sought was beyond the Court's jurisdiction or, to the extent jurisdiction exists, it was within the discretion of the Court to abstain from exercising such jurisdiction in light of the limited connection to the bankruptcy case.

The statements by the Court at the October 20, 2017, hearing regarding the motion to dismiss are hereby incorporated by reference as if set forth fully herein and constitute the Court's findings and conclusions pursuant to Bankruptcy Rule 7052.

The Court also has pending a motion for default judgment against Seneca. No response was timely filed by Seneca, so Plaintiffs' counsel has submitted an order granting default judgment. Inexplicably, the proposed order includes a provision that voids the deed of trust – relief that was expressly denied in the Court's ruling on the motion to dismiss. Further, the appropriate relief that may otherwise apply to Seneca is unclear at this juncture.

After review of the complaint, which relies heavily upon the effect of the disallowance of a mortgage claim, it is impossible to determine what actions are alleged to have been taken by Seneca as opposed to other parties, particularly since neither named defendant is shown in the proof of claim that was disallowed. The Deed of Trust filed with the disallowed proof of claim showed Ownit Mortgage Solutions, Inc. as the original lender and Homevest Capital, LLC as the assignee. The proof of claim showed the creditor as Wingspan, Servicer-in-Fact for SCD Recovery, LLC. Based on statements at the hearing on the motion to dismiss, it

appears to be undisputed that SN currently holds or services the underlying note and deed of trust.

It is unclear based on the allegations in the complaint and the documents filed how Seneca fits into picture. The allegations generally refer to the two distinct defendants as if it is a single entity and further indicate that various alleged improper actions may have been taken by a predecessor holder of the debt rather than either of the named defendants. Accordingly, it is virtually impossible to ascertain precisely what actions are alleged to have been taken by Seneca versus some other party and which relief sought would be applicable to Seneca. Clearly, no relief can be granted – by default or otherwise -- without appropriate clarification. A hearing to address these issues is necessary before any default judgment order can be entered.

Accordingly, the motion to dismiss the claims against SN is granted. As to the claims against Seneca, a hearing will be conducted on the Plaintiffs' motion for default judgment. That hearing will take place at 9:00 a.m. on November 21, 2017, in Courtroom One, Customs House, 701 Broadway, Nashville, TN[1]

IT IS SO ORDERED.

---

[1] Although this is a Columbia Division case, it is in the best interest of judicial economy to have the hearing in Nashville to assure that the judge assigned to the case and who has already heard the motion to dismiss will preside over the hearing on the default judgment motion as well.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.