Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 11/27/2017

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| Stephen Ray Shoemake and | ) | |
| Diann Mitchell Shoemake, | ) | Case No. 1:11-bk-11900 |
| | ) | Chapter 13 |
| Debtors. | ) | Judge Randal S. Mashburn |
| | ) | |

___

| | | |
|---|---|---|
| Stephen Ray Shoemake and | ) | |
| Diann Mitchell Shoemake, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. 3:17-ap-90177 |
| | ) | |
| SN Servicing Corporation and | ) | |
| Seneca Mortgage Servicing, LLC, | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO RECONSIDER DISMISSAL
AS TO SN SERVICING CORPORATION, DENYING MOTION
FOR DEFAULT JUDGMENT AS TO SENECA MORTGAGE SERVICING, LLC
AND DISMISSING THE ADVERSARY PROCEEDING

    This adversary proceeding is before the Court upon the Plaintiffs' motion to reconsider the order entered at docket entry number 21 granting the motion of SN Servicing Corporation ("SN") to dismiss the Plaintiffs' complaint against it under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012. The Plaintiffs also have pending a motion for default judgment against the other defendant, Seneca Mortgage Servicing, LLC ("Seneca").

    The Court conducted a hearing on November 21, 2017, to consider arguments as to both outstanding motions. At the conclusion of the hearing, the Court

announced its decision to deny both motions. The oral ruling by the Court is hereby incorporated by reference as if set forth fully herein and constitutes the Court's findings and conclusions pursuant to Bankruptcy Rule 7052. In summary, the Court concludes as follows:

    1.    No grounds were asserted in the motion to reconsider that would justify any relief under Fed. R. Civ. P. 59 or 60, as made applicable to this matter pursuant to Bankr. Rule 9023 and 9024.

    2.    Although the Court found no basis under Fed. R. Civ. P. 50 or 60 to reverse its prior ruling dismissing the case as to SN, the Court determined that clarification of that prior ruling was warranted in light of statements made by Plaintiffs' counsel as to which claims in the complaint were intended to relate to each of the two Defendants. (For purposes of the default judgment against Seneca, Plaintiffs' counsel acknowledged that no assertion was being made that Seneca was liable for the actions asserted in the fourth and fifth claims in the complaint. As to the first three claims, there is no assertion of any fact that involves Seneca separately, so the grounds for dismissing SN apply equally to Seneca.)

    3.    As to the dismissal of the adversary proceeding, the Court hereby denies the motion to reconsider the prior ruling and makes the following determination:

    (a)    The first, second and third claims in the complaint assert actions involving predecessors of SN and Seneca and other parties not named as Defendants in this lawsuit, and no allegations are alleged as to the named Defendants during the pertinent time period. Accordingly, counts one, two and three of the complaint fail to state a cause of action against the Defendants for which relief may be granted and must be dismissed.

    (b)    The fourth and fifth claims involve non-bankruptcy federal statutes and allegations that SN violated those federal statutes more than a year after the Chapter 13 case had been concluded. Accordingly, the Court finds that there is no basis for jurisdiction over those two claims as being matters "arising under" Title 11 or "arising in" the bankruptcy case. Further, the Court finds that the asserted post-Chapter 13 activity asserted against SN is not sufficiently connected to the bankruptcy for

"related to" jurisdiction under 28 U.S.C. § 1334. On that basis alone, the Court dismisses the fourth and fifth claims without prejudice but expresses no opinion whatsoever regarding the merits of the underlying claims. Nothing herein is intended to limit the rights of the Plaintiffs to pursue those claims against SN in any other forum.

4. Plaintiffs' counsel clarified during the hearing that the fourth and fifth claims did not apply to Seneca, so no claim under those parts of the complaint involve that Defendant. Since the complaint fails to state a cause of action against either Defendant in the first three claims and the last two claims do not apply to Seneca, default judgment against Seneca is not warranted, and there is no justification for allowing the case to proceed against Seneca. The complaint should therefore be dismissed as to Seneca as well as SN.

Accordingly, the motions are denied, and this adversary proceeding is hereby dismissed.

IT IS SO ORDERED.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.